

ANDREA M. KIMBALL (State Bar No. 196485)
SNR DENTON US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
Email: andrea.kimball@snrdenton.com

MARIE LEGGON WRIGHTEN (State Bar No. 167221)
VIRGINIA K. YOUNG (State Bar No. 174384)
SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: marie.wrighten@snrdenton.com
virginia.young@snrdenton.com

Attorneys for Defendant
WIRELESS LIFESTYLE,
INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

KEVIN FRAZIER, an individual;
DEJESUS LIBRAN, an individual; on
behalf of themselves and all other similarly
situated current and former employees,

Plaintiffs,

vs.

WIRELESS LIFESTYLE, INC., a Kansas
Corporation, and DOES 1 through 50,
Inclusive,

Defendants.

No. C11-05192 ADR

DEFENDANT WIRELESS LIFESTYLE,
INC.'S NOTICE OF REMOVAL UNDER
CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441,
28 U.S.C. § 1446, AND 28 U.S.C. § 1453

-1-
DEFENDANT WIRELESS LIFESTYLE'S NOTICE OF REMOVAL

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR

3    ATTORNEYS OF RECORD:

4    PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28

5    U.S.C. § 1332 ("diversity jurisdiction"), 28 U.S.C. § 1367, 28 U.S.C. § 1441, 28 U.S.C. § 1446

6    and 28 U.S.C. § 1453, defendant Wireless Lifestyle, Inc. ("Wireless Lifestyle") hereby removes

7    the above-captioned matter from the Superior Court of the State of California, Alameda County,

8    to this Court. The grounds for removal are as follows:

9    **I.    BACKGROUND**

10   1.    On September 13, 2011, plaintiffs Kevin Frazier ("Plaintiff Frazier") and De Jesus

11   Libran ("Plaintiff Libran") filed a civil action, on behalf of a putative California class, in the

12   Superior Court of the State of California, Alameda County, entitled *Kevin Frazier, an*

13   *individual; De Jesus Libran, an individual; on behalf of themselves and all other similarly*

14   *situated current and former employees, v. Wireless Lifestyle, Inc., a Kansas Corporation, and*

15   *Does 1 through 50, Inclusive*, Case No. RG11596041 (the "State Court Action"). Pursuant to 28

16   U.S.C. § 1446(a), Wireless Lifestyle has attached all pleadings filed and served upon it in the

17   state court proceedings as Exhibit A.

18   2.    Plaintiffs allege causes of action for: (1) failure to provide meal breaks or

19   compensation therefor (in violation of California Code of Regulations, Title 8, section 11070 (8

20   C.C.R. § 11070) and California Labor Code §§200, 203, 226.7, 512, 1194 and 1198); (2) failure

21   to provide rest periods or compensation therefor (in violation of 8 C.C.R. § 11070 and California

22   Labor Code §§200, 203, 226.7, 512, 1194, and 1198); (3) failure to compensate for all hours

23   worked (in violation of 8 C.C.R. § 11070 and California Labor Code §§200, 203, 510, 1194, and

24   1198); (4) failure to compensate for all overtime worked (in violation of 8 C.C.R. § 11070 and

25   California Labor Code § 510(a)); (5) failure to provide accurate wage statements (in violation of

26   8 C.C.R. § 11070 and California Labor Code § 226); and (6) unlawful, deceptive, and/or unfair

27   business practices (in violation of California Business and Professions Code § 17200).

28

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3.     Plaintiffs filed this class action against defendant Wireless Lifestyle, a Kansas corporation doing business in the State of California.  (Complaint ¶ 7.)

4.     The summons and complaint were served on Wireless Lifestyle on September 22, 2011.  A copy of the service of process receipt in the State Court Action is attached hereto as Exhibit B.

5.     The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because the State Court Action satisfies all the requirements under CAFA for federal jurisdiction.  Based upon the allegations in the Complaint: (1) the proposed class consists of more than 100 putative class members; (2) the parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; and (4) the exceptions to CAFA preventing removal do not apply here.

6.     Alternatively, the State Court Action is removable to this Court, and this Court has diversity jurisdiction over this action, under 28 U.S.C. §§ 1332, 1441, and 1446, because complete diversity exists, and the amount in controversy for Plaintiff's claims exceeds $75,000.

## II.     THIS COURT HAS JURISDICTION UNDER CAFA

7.     Plaintiffs allege that this case is brought as a class action and appear to seek certification of a putative class under California Code of Civil Procedure section 382.  (Complaint ¶ 18.)  Plaintiffs filed this putative class action on behalf of "[a]ll persons employed in a non-exempt position at a Wireless Lifestyle retail store owned and/or operated by Defendant in the State of California during the relevant statutory period," which the Plaintiffs allege to be four years.  (Complaint ¶ 19.)  Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute of rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

8.     CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants.  Toward that end, CAFA expands federal jurisdiction over class actions, and expressly provides that class actions filed in state court are

1   removable to federal court where (a) the putative class contains at least 100 class members; (b)

2   any member of the putative class is a citizen of a State different from that of any defendant; and

3   (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of

4   interest and costs. 28 U.S.C. § 1332(d); *accord Serrano v. 180 Connect, Inc.,* 478 F.3d 1018,

5   1020-1021 (9th Cir. 2007). This suit satisfies all the requirements under CAFA for federal

6   jurisdiction.

7   **A.    The Putative Class Exceeds 100 Members.**

8       9.    CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5).

9   That requirement is met here. Based on its personnel records, Wireless Lifestyle has employed

10  over four hundred (400) people in the state of California from September 20, 2007 to the

11  present. (Declaration of Kimberly Rawlings ("Rawlings Dec."), ¶ 3, attached hereto as Exhibit

12  C.) Moreover, in a related class action lawsuit recently removed to this Court,[1] the plaintiff

13  alleges a class size of at least five hundred (500) former Wireless Lifestyle employees.

14  Accordingly, the putative class exceeds 100 members.

15  **B.    Minimal Diversity Exists.**

16      10.   CAFA requires minimal diversity; that is, at least one putative class member must

17  be a citizen of state different than one defendant. 28 U.S.C. § 1332(d)(2). Here, the putative class

18  contains at least one putative class member who is a citizen of the State of California, namely,

19  Plaintiff Frazier. (Rawlings Dec. ¶ 4; *see also* Complaint ¶ 5.) Defendant Wireless Lifestyle is

20  citizen of Kansas because it is incorporated under the laws of the State of Kansas with its

21  principal place of business in Lenexa, Kansas. (*See* Complaint ¶ 7; 28 U.S.C. § 1332(c)(1).)

22  Thus, minimal diversity exists here. 28 U.S.C. § 1332(d)(2).

23  **C.    The CAFA Amount-in-Controversy Requirement is Satisfied.**

24      11.   CAFA also requires that the aggregate amount in controversy exceed $5,000,000

25  for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any

26

27  ---

[1] Filed concurrently herewith is Wireless Lifestyle's Notice of Related Case as to the matter
entitled *Yasmin Martinez, individually and on behalf of other persons similarly situated, v.*
28  *Wireless Lifestyle, Inc.; and Does 1 through 10*, No. CV11-05132, United States District Court
for the Northern District of California.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1      class action, the claims of the individual class members shall be aggregated to determine

2      whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest

3      and costs.").

4            12.    When a plaintiff fails to plead a specific amount of damages and if the amount in

5      controversy is not "facially apparent" from the complaint, "'the court may consider facts in the

6      removal petition'" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976,

7      980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th

8      Cir. 1997)). A defendant need only make a factual showing that it is more likely than not the

9      amount in controversy exceeds $5,000,000. *Singer,* 116 F.3d at 376. The ultimate inquiry

10     depends on what "amount [is] put in controversy by the plaintiff's complaint"—not what a

11     defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal.

12     2005). In considering whether the amount in controversy is met, courts may consider the

13     statutory maximum penalty available under the claims asserted. *See Chabner v. United of*

14     *Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

15          13.    Wireless Lifestyle denies any liability in this case and intends to vigorously oppose

16     class certification. For purposes of jurisdictional requirements for removal purposes only,

17     however, Wireless Lifestyle submits the following evidence showing that the allegations in the

18     Complaint put at controversy, in the aggregate, an amount that exceeds $5,000,000.

19          14.    Based on its personnel records, Wireless Lifestyle has employed over four hundred

20     (400) people in the state of California. (Rawlings Dec. ¶ 3.) Also according to Wireless

21     Lifestyle's records, Plaintiff Frazier worked for Wireless Lifestyle from March 17, 2011, to

22     September 30, 2011. (*Id.* at ¶ 4.) During that time, Plaintiff Frazier worked for approximately

23     twenty-eight (28) weeks on approximately 142 separate days (two days in his first work week

24     and approximately five work days per week for the next 28 weeks). In addition, Plaintiff

25     Frazier earned $9.00 per hour in regular wages. (*Id.* at ¶ 4.)

26          15.    Plaintiffs' first cause of action alleges that Wireless Lifestyle "routinely" failed to

27     provide 30-minute meal breaks or compensation for missed meal breaks, in violation of 8 C.C.R.

28     § 11070. (Complaint ¶¶ 27, 28.) As a result, Plaintiffs further allege that they are entitled to

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   "one (1) hour of pay at the employee's regular rate of compensation for each workday that a

2   meal period was not provided." (Complaint ¶¶ 27, 30.) Based on Wireless Lifestyle's records,

3   Plaintiff Frazier earned $9.00 per hour in wages. (Rawlings Dec. ¶ 4.) Without conceding that

4   Wireless Lifestyle failed to provide any meal breaks, the amount in controversy for Plaintiff

5   Frazier's individual meal-period claim is $1,278.00 ($9.00 per hour multiplied by 142 days

6   worked). Assuming Plaintiff Frazier's claims are "typical" of the putative class (Complaint ¶

7   23), the amount in controversy for the meal-period claim would be $511,200.00 for the putative

8   class as a whole.[2] *See Rippee*, 408 F. Supp. at 986 (the amount in controversy is properly

9   evaluated based on Plaintiff's allegations regarding damages and the defendant's own

10  employment data).

11      16.   Plaintiffs' second cause of action alleges that Wireless Lifestyle "routinely" failed

12  to provide 30-minute rest breaks or compensation for missed rest breaks, in violation of 8 C.C.R.

13  § 11070. (Complaint ¶¶ 32, 33.) As a result, Plaintiffs further allege that they are entitled to

14  "one (1) hour of pay at the employee's regular rate of compensation for each workday that a

15  meal period was not provided." (Complaint ¶¶ 32, 35.) Based on Wireless Lifestyle's records,

16  Plaintiff Frazier earned $9.00 per hour in wages. (Rawlings Dec. ¶ 4.) Without conceding that

17  Wireless Lifestyle failed to provide any rest breaks, the amount in controversy for Plaintiff

18  Frazier's individual rest-period claim is $1,278.00 ($9.00 per hour multiplied by 142 days

19  worked). Assuming Plaintiff Frazier's claims are "typical" of the putative class (Complaint ¶

20  23), the amount in controversy for the rest-period claim would be $511,200.00 for the putative

21  class as a whole. *See Rippee*, 408 F. Supp. at 986; *see also United Parcel Serv., Inc. v. Superior*

22  *Court*, 121 Cal. Rptr. 3d 765, 773 (Ca. Ct. App. 2011) (holding that an employee "may recover

23  up to two additional hours of pay on a single work day for meal period and rest period

24  violations—one for failure to provide a meal period and another for failure to provide a rest

25  period").

26

27  [2] This figure represents a conservative estimate, as it assumes that each member of the class,

28  including Plaintiff Frazier, only worked five days in a given week. In addition, the amount-in-controversy for some members of the class--on this and other claims--might also include a commissions component.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    17.   Plaintiffs' fourth cause of action alleges that Wireless Lifestyle failed to pay

2    Plaintiffs for "all overtime work performed." (Complaint ¶ 42.)  Under California law,

3    employees not exempt from overtime laws are entitled to 1.5 times their regular rate of pay for

4    each hour worked over eight hours in a day and 40 hours in a week. Cal. Labor Code § 510(a).

5    Plaintiffs allege that they "regularly performed work in excess of eight (8) hours per workday"

6    without receiving compensation. (Complaint ¶ 44.)  For example, Plaintiffs allege that they

7    were not compensated for "time spent performing tasks after the close of the store" and time

8    spent working during purported breaks. (Complaint ¶ 13.)  Without conceding that Plaintiffs

9    actually worked those hours, based on their allegations, Plaintiffs are expected to argue that

10   they, and the putative class, are entitled to at least two hours of overtime pay for each day that

11   they worked.  Based on Wireless Lifestyle's records, the amount in controversy for Plaintiff

12   Frazier's individual unpaid-overtime claim would be $3,834.00 (two hours per day multiplied by

13   142 days worked multiplied by $13.50, 1.5 times Plaintiff Frazier's hourly wage). (Rawlings

14   Dec. ¶ 4.)  Assuming Plaintiff Frazier's claims are "typical" of the putative class (Complaint ¶

15   23), the amount in controversy for the unpaid-overtime claim would be $1,533,600.00 for the

16   putative class as a whole. *See Rippee*, 408 F. Supp. at 986.

17   18.   Plaintiffs' fifth cause of action alleges that Wireless Lifestyle intentionally failed to

18   provide accurate itemized wage statements in violation of California Labor Code § 226(e).

19   (Complaint ¶¶ 48, 49.)  Penalties of up to $4,000 per employee are available under § 226(e).

20   Thus, the amount in controversy for the inaccurate-wage-statement claim would be

21   $1,600,000.00 for the putative class as a whole. *See Rippee*, 408 F. Supp. at 986.

22   19.   Plaintiffs' first, second, third, and causes of action allege that Wireless Lifestyle

23   willfully failed to pay wages and commissions due upon termination of Plaintiff's employment,

24   thereby purportedly entitling Plaintiffs to up to 30 days of waiting-time penalties under

25   California Labor Code § 203. (Complaint ¶¶ 29, 34, 39, 45.)  Based on Wireless Lifestyle's

26   records, Plaintiff Frazier earned $9.00 per hour in wages. (Rawlings Dec. ¶ 4.)  Without

27   conceding that Plaintiffs are actually entitled to any penalty wages, the amount in controversy

28   for Plaintiff Frazier's waiting-time penalties would be approximately $2,160.00 ($9.00 per hour

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    in wages multiplied by eight hours per day multiplied by 30 days). Assuming Plaintiffs'

2    allegation that "the claims of Plaintiff are typical of the claims of the other class members who

3    Plaintiff seeks to represent," (Complaint ¶ 12(c)), the amount in controversy for waiting-time

4    penalties would be $864,000.00 for the putative class as a whole. *See Rippee*, 408 F. Supp. at

5    986.

6         20.   In addition, attorneys' fees are included in determining the amount in controversy.

7    *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying

8    statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in

9    controversy."). Here, with the exception of Plaintiffs' sixth cause of action, under California

10   Business and Professions Code § 17200, all of their alleged causes of action allow for the

11   recovery of attorneys' fees. (*See* Complaint ¶¶ 30, 35, 40, 46, 52.) In a successful wage and

12   hour class action involving a putative class of several hundred members, such attorneys' fees

13   often exceed $760,000.00.

14        21.   Accordingly, the amount in controversy for the putative class as a whole includes at

15   least $511,200.00 for the meal-period claim; at least $511,200.00 for the rest-period claim; at

16   least $1,533,600.00 for the unpaid-overtime claim; at least $1,600,000.00 for the inaccurate-

17   wage-statement claim; at least $864,000.00 for waiting-time penalties; and approximately

18   $760,000.00 for attorneys' fees. In sum, the total amount in controversy for the putative class as

19   a whole is at least $5,780,000.00. For the foregoing reasons, it is more likely than not that the

20   amount in controversy easily exceeds $5,000,000.[3]

21        22.   Moreover, the exceptions to CAFA preventing removal do not apply here.

22   **III.   THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332.**

23        23.   Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over all

24   civil actions in which: (1) complete diversity exists between all plaintiffs and all defendants, and

25

26   [3] Because Plaintiff Frazier had only worked for Wireless Lifestyle for approximately six months
     at the time the State Court Action was filed, the claimed damages will likely be substantially
27   greater on a pro rata approximate basis for the other class members, because Wireless Lifestyle
     has conducted business in California for at least 18 months. In addition, as noted *supra* Note 1,
28   many of the claims for individual class members may involve an additional commissions
     component.

1    (2) the amount in controversy exceeds $75,000. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89

2    (2005).

3           **A.      Complete Diversity of Citizenship Exists.**

4           24.     Complete diversity of citizenship requires that no single plaintiff be a citizen of the

5    same state as any single defendant. *Id.* In a putative class-action suit, the court looks only to the

6    citizenship of the named plaintiffs. *Snyder v. Harris Gas Serv. Co.*, 394 U.S. 332, 340 (1969).

7    Here, Plaintiff Frazier is a resident of California. (Rawlings Dec. ¶ 4; *see also* Complaint ¶ 5.)

8    Plaintiff Libran is also a resident of California. (Rawlings Dec. ¶ 5; *see also* Complaint ¶ 6.)

9    Wireless Lifestyle is a citizen of Kansas in that it is incorporated under the laws of Kansas and

10   has its principal place of business in Lenexa, Kansas. (*See* Complaint ¶ 7; 28 U.S.C.

11   §1332(c)(1).) Accordingly, complete diversity exists in this case.

12          **B.      The Amount-in-Controversy Requirement is Satisfied.**

13          25.     Wireless Lifestyle denies any liability in this case and intends to vigorously oppose

14   class certification. As detailed above, however, for purposes of jurisdictional requirements for

15   removal purposes only, the amount in controversy for Plaintiff Frazier's first cause of action, for

16   missed meal periods, would be approximately $1,278.00; the amount in controversy for Plaintiff

17   Frazier's second cause of action, for missed rest periods, would be approximately $1,278.00; the

18   amount in controversy for Plaintiff Frazier's fourth cause of action, for unpaid overtime, would

19   be approximately $3,834.00; and the amount in controversy for waiting-time penalties, for

20   Plaintiff Frazier's first, second, and third causes of action, would be $2,160.00. In addition, a

21   maximum penalty of $4,000.00 is available for Plaintiff Frazier's fifth cause of action, for

22   inaccurate wage statements. Finally, in a single plaintiff's successful wage and hour action,

23   attorneys' fees often exceed $80,000.00.

24          26.     Accordingly, the amount in controversy for the Plaintiff Frazier's individual claims

25   includes at least $1,278.00 for the meal-period claim; at least $1,278.00 for the rest-period

26   claim; at least $3,834.00 for the unpaid-overtime claim; $2,160.00 for waiting-time penalties;

27   $4,000.00 for the inaccurate-wage-statement claim; and approximately $80,000.00 for attorneys'

28   fees. In sum, the total amount in controversy for Plaintiff Frazier's individual claims is at least

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  $92,550.00. For the foregoing reasons, it is more likely than not that the amount in controversy

2  exceeds $75,000.

3  **C.  This Court has Supplemental Jurisdiction Over Plaintiff Libran and All Other Plaintiffs**

4  27.  In a diversity case in which the claims of at least one plaintiff satisfies the amount-

5  in-controversy requirement, the federal district court has supplemental jurisdiction, under 28

6  U.S.C. § 1367(a), over any plaintiffs whose individual claims do not meet the amount-in-

7  controversy requirement, as long as "there are no other relevant jurisdictional defects." *Exxon*

8  *Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005). As demonstrated *supra*,

9  the amount in controversy for Plaintiff Frazier's claims exceeds $75,000.

10  28.  Plaintiff Libran's total amount in controversy also exceeds $75,000. According to

11  Wireless Lifestyle's records, Plaintiff Libran worked for Wireless Lifestyle from March 18,

12  2011, to September 12, 2011. (Rawlings Dec. ¶ 5.) During that time, Plaintiff Libran worked

13  for approximately twenty-six (26) weeks on approximately 126 separate days (one day in his

14  first work week and approximately five work days per week for the next 25 weeks). In

15  addition, Plaintiff Libran earned $9.00 per hour in regular wages. (*Id.* at ¶ 5.) Therefore, the

16  amount in controversy for the Plaintiff Libran's individual claims includes at least $1,134.00 for

17  the meal-period claim ($9.00 per hour multiplied by 126 days worked); at least $1,134.00 for the

18  rest-period claim ($9.00 per hour multiplied by 126 days worked); at least $3,402.00 for the

19  unpaid-overtime claim (two hours per day multiplied by 126 days worked multiplied by $13.50,

20  1.5 times Plaintiff Libran's hourly wage); $2,160.00 for waiting-time penalties ($9.00 per hour

21  in wages multiplied by eight hours per day multiplied by 30 days); $4,000.00 for the inaccurate-

22  wage-statement claim; and approximately $80,000.00 for attorneys' fees. In sum, the total

23  amount in controversy for Plaintiff Libran's individual claims is at least $91,830.00.

24  29.  In any event, because at least one plaintiff independently satisfies the amount-in-

25  controversy requirement, this Court has supplemental jurisdiction over the claims of all other

26  plaintiffs under 28 U.S.C. § 1367(a), including Plaintiff Libran, because no other jurisdictional

27  defects exist. (*See supra* ¶ 21.)

28

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**IV. REMOVAL TO THE NORTHERN DISTRICT OF CALIFORNIA IS PROPER**

29. This Notice of Removal is filed within thirty days of September 22, 2011, when Plaintiff served the summons and complaint in the State Court Action on Wireless Lifestyle. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C.§1446(b).

30. The United States District Court for the Northern District of California, San Francisco/Oakland Division, embraces the county and court in which Plaintiff filed this case. 28 U.S.C.§84(a). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C.§ 1441(a).

31. Wireless Lifestyle has attached all the pleadings, process, and orders filed in the record of the State Court Action as Exhibits A and B, as required by 28 U.S.C.§1446(a).

32. Wireless Lifestyle will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Alameda, as required by 28 U.S.C.§1446(d).

WHEREFORE, Wireless Lifestyle respectfully requests that this proceeding, entitled *Kevin Frazier, an individual; De Jesus Libran, an individual; on behalf of themselves and all other similarly situated current and former employees, v. Wireless Lifestyle, Inc., a Kansas Corporation, and Does 1 through 50, Inclusive*, Case No. RG11596041, now pending in the Superior Court of the State of California, County of Alameda, be removed to this Court.

Dated: October 24, 2011      SNR DENTON US LLP

By _____
ANDREA M. KIMBALL

Attorneys for Defendant
WIRELESS LIFESTYLE, INC.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# EXHIBIT A

Oct. 21. 2011 5:03PM                                                                No. 1087    P. 2/3

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 1 2011

CLERK OF THE SUPERIOR COURT
By _____
                              Deputy

1   ANDREA M. KIMBALL (State Bar No. 196485)
    SNR DENTON US LLP
2   4520 Main Street, Suite 1100
    Kansas City, Missouri 64111-7700
3   Telephone: (816) 460-2427
    Facsimile: (816 531 7545
4   Email: andrea.kimball@snrdenton.com

5   MARIE LEGGON WRIGHTEN (State Bar No. 167221)
    VIRGINIA K. YOUNG (State Bar No. 174384)
6   SNR DENTON US LLP
    601 South Figueroa Street, Suite 2500
7   Los Angeles, California 90017-5704
    Telephone: (213) 623-9300
8   Facsimile: (213) 623-9924
    Email: marie.wrighten@snrdenton.com

9
    Attorneys for Defendant
10  WIRELESS LIFESTYLE, INC.

11

12

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                   FOR THE COUNTY OF ALAMEDA

15

16  KEVIN FRAZIER, an individual,          No. RG11596041
    DEJESUS LIBRAN, an individual,  on
17  behalf of themselves and similarly situated   DEFENDANT WIRELESS LIFESTYLE,
    current and former employees,            INC.'S ANSWER TO CLASS ACTION
18                                           COMPLAINT
            Plaintiffs,
19
        vs.
20
    WIRELESS LIFESTYLE, INC.; a Kansas      Department: 20
21  corporation, and DOES 1 through 50,     Complaint filed:  September 20, 2011
    inclusive
22
            Defendants.
23

24

25        Defendant Wireless Lifestyle, Inc. ("Wireless Lifestyle"), on behalf of itself and no

26  others, hereby answers the unverified Complaint of plaintiffs Kevin Frazier and DeJesus Libran

27  ("Plaintiffs") as follows:

28

                                    -1-
                  WIRELESS LIFESTYLE, INC.'S ANSWER TO COMPLAINT

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Exhibit A
Page 12

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Wireless Lifestyle generally denies each and every allegation of the Complaint and specifically denies that Plaintiffs are entitled to the relief they seek, or any other relief, by reason of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Wireless Lifestyle.

### SECOND ADDITIONAL DEFENSE

Plaintiffs are barred from obtaining the relief requested in the Complaint by the doctrine of unclean hands.

### THIRD ADDITIONAL DEFENSE

Plaintiffs are barred from obtaining the relief requested in the Complaint by the doctrine of estoppel.

### FOURTH ADDITIONAL DEFENSE

Plaintiffs are barred from obtaining the relief requested in the Complaint by the doctrine of waiver.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs are barred from obtaining the relief requested in the Complaint by the doctrine of laches.

### SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### SEVENTH ADDITIONAL DEFENSE

Plaintiffs consented to all the acts and omissions about which Plaintiffs now complain.

### EIGHTH ADDITIONAL DEFENSE

To the extent that Plaintiffs have failed to mitigate, minimize, or avoid any damages they allegedly sustained, recovery against Wireless Lifestyle, if any, must be reduced by that amount.

Exhibit _A_

Page _13_

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### NINTH ADDITIONAL DEFENSE

Plaintiffs' claims, if any, are barred because Wireless Lifestyle's acts and/or omissions were in good faith, Wireless Lifestyle had reasonable grounds to believe that its acts and/or omissions did not violate any law, and Wireless Lifestyle believed in good faith that it was asserting legal rights. Thus, Wireless Lifestyle acted with proper justification and in a reasonable and appropriate manner, in good faith, for a fair, honest, and lawful reason, and in compliance with legal requirements.

### TENTH ADDITIONAL DEFENSE

Plaintiffs, and/or the purported class they seek to represent, failed to comply with California Labor Code §§ 2854, 2856, 2858 and 2859, respectively to the extent that they failed to use ordinary care and diligence in the performance of their duties, failed to substantially comply with the reasonable directions of their employer, and failed to exercise a reasonable degree of skill in performing their job duties.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' claim for penalties for purportedly providing employees with an inaccurate statement of wages earned and deductions taken are barred insofar as Wireless Lifestyle's conduct, as alleged in the Complaint, was neither knowing nor intentional.

### TWELFTH ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action therein, is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, and 343, and California Business and Professions Code 17208.

### THIRTEENTH ADDITIONAL DEFENSE

The Complaint, to the extent that it seeks relief and/or judgment on behalf of persons who are not parties to this action, violates Wireless Lifestyle's rights to substantive and procedural due process and equal protection under the law as provided by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 and Article IV, Section 16 of the Constitution of the State of California.

Exhibit A

Page 14

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

### FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs are barred, either in whole or in part, from recovering waiting time penalties from Wireless Lifestyle because the existence of any unpaid wages, which Wireless Lifestyle expressly denies, were and are the subject of a good faith dispute.

### FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs' Complaint is barred because the appropriate forum for this action is before the California Labor Commissioner and/or the Division of Labor Standards Enforcement.

### SIXTEENTH ADDITIONAL DEFENSE

To the extent a class is certified in this purported class action, claims of individual class members may be barred for reasons that are not apparent from the Complaint. Wireless Lifestyle reserves its right to amend its Answer to the Complaint to assert such additional defenses as may become apparent.

### SEVENTEENTH ADDITIONAL DEFENSE

To the extent that Plaintiffs claim that the matter should proceed as a class action, Wireless Lifestyle denies that either Plaintiff is an adequate class representative.

### EIGHTEENTH ADDITIONAL DEFENSE

With respect to each and every allegation of the Complaint as they relate to the request for class certification, class certification is not appropriate because there is a lack of numerosity, commonality or community of interest, typicality, an ascertainable class, adequate representation, appropriateness of relief to the putative class as a whole, predominance of common questions over questions affecting individual class members, substantial benefit to the litigants and the court, and superiority of a class action to other available methods for fair and efficient adjudication.

### NINETEENTH ADDITIONAL DEFENSE

The Complaint fails to state an adequate basis for a representative action under California Business and Professions Code §17200 et seq.

### TWENTIETH ADDITIONAL DEFENSE

Plaintiffs lack standing to assert some or all of the claims in the Complaint. Exhibit A

Page 15

WIRELESS LIFESTYLE, INC.'S ANSWER TO COMPLAINT

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## TWENTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' claims are barred because Plaintiff has not sustained any cognizable injury.

## TWENTY-SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred because at all times mentioned in the Complaint, certain members of the purported class were exempt from the requirements contained in the California Labor Code, Title 8 of the California Code of Regulations, and the wage orders of the Industrial Welfare Commission.

## TWENTY-THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred because, to the extent Plaintiffs or any member of the purported class Plaintiffs seek to represent spent any time spent performing activities off-the-clock, which Wireless Lifestyle expressly denies, such time was unauthorized and/or de minimis and thus not compensable under the California Labor Code, Title 8 of the California Code of Regulations, and the wage orders of the Industrial Welfare Commission.

## TWENTY-FOURTH ADDITIONAL DEFENSE

Wireless Lifestyle reserves the right to amend its Answer to the Complaint to assert such additional defenses as may become apparent during the continuing course of investigation and discovery in this action.

WHEREFORE, Defendant prays for judgment as follows:

1.     Plaintiffs take nothing by way of their Complaint;

2.     That the Complaint be dismissed with prejudice and judgment entered in favor of Wireless Lifestyle;

3.     That Wireless Lifestyle be awarded costs and attorneys' fees incurred in this action; and



Exhibit A

Page 16

WIRELESS LIFESTYLE, INC.'S ANSWER TO COMPLAINT

1    4.    For such other and further relief as this Court deems just and proper.

2

3    Dated: October 21, 2011                     SNR DENTON US LLP
                                                 MARIE LEGGON WRIGHTEN
4

5

6                                                By _____
7                                                   MARIE LEGGON WRIGHTEN

8                                                Attorneys for Defendants
                                                 WIRELESS LIFESTYLE, INC.
9

10   30384998

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Exhibit A
Page 17

-6-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action.  My business address is: ☐ 601 So. Figueroa Street, Suite 2500, Los Angeles, CA 90017. ☒ USA Legal Network, 800 W. 1st, Suite 200-B, Los Angeles, CA 90012.

On October 21, 2011, I served the foregoing document, described as DEFENDANT WIRELESS LIFESTYLE, INC.'S ANSWER TO CLASS ACTION COMPLAINT on the interested parties in this action, as follows:

Dylan Pollard, Esq.
Matt C. Bailey, Esq.
Roxanna Tabatabaeepour, Esq.
POLLARD BAILEY
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone:  (310) 854-7650
Facsimile:  (310) 492-9934

☐ **(VIA MAIL)** I placed a true copy of the foregoing document in an envelope addressed to each interested party as set forth above.  I sealed each such envelope, and placed same, with postage thereon fully prepaid, for collection and mailing at SNR Denton US LLP, Los Angeles, California 90017.  I am readily familiar with SNR Denton US LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒ **(VIA PERSONAL SERVICE)** I served a true copy of the within document on the interested parties in this action by personally hand delivering a copy of said document to the addressee listed on this proof.

☐ **(VIA FACSIMILE)** I caused a true copy of the foregoing document to be served by facsimile transmission to each interested party at the respective facsimile numbers listed.  A transmission report was properly issued by the sending facsimile machine for each interested party served.

☐ **(VIA ELECTRONIC MAIL)** I transmitted the above document(s) by electronic mail to the interested parties via the e-mail addresses listed above for each party.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2011, at Los Angeles, California.

_____
Signature

Jose Osorio
_____
Print Name

Exhibit A
Page 18

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*9/22 @ 2:00P*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WIRELESS LIFESTYLE, INC., a Kansas Corporation,and DOES 1 to 50, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEVIN FRAZIER, an individual; ~~and~~ DEJESUS LIBRAN, an individual, on behalf of themselves and all other similarly situated current and former employees.

<table><tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>SEP 20 2011<br><br>CLERK OF THE SUPERIOR COURT<br>By Esther Coleman, Deputy</td></tr></table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>RG11596041 |
|---|---|

Superior Court of California, County of Alameda, 1225 Fallon St., Oakland, CA 94612, [Rene C. Davidson Alameda County Courthouse]

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matt Bailey, Esq./POLLARD|BAILEY, 9701 Wilshire Blvd. 10th Fl., Beverly Hills, CA 90212/310 854-7650

| DATE: SEP 20 2011<br>*(Fecha)* | PAT S. SWEETEN | Clerk, by<br>*(Secretario)* | Esther Coleman | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify)*:<br><br>3. ☒ on behalf of *(specify):* Wireless Lifestyle, Inc., a Kansas Corporation.<br>under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>☐ other *(specify)*:<br>4. ☐ by personal delivery on *(date)*: |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A
Page 19

1   Dylan Pollard, Esq., SBN 180306
    Matt C. Bailey, Esq. SBN 218685
2   Roxanna Tabatabaeepour, Esq. SBN 260187
    POLLARD | BAILEY
3   9701 Wilshire Blvd., 10th Floor
    Beverly Hills, CA 90212
4   Telephone: (310) 854-7650
    Facsimile: (310) 492-9934
5

6   *Attorneys for Plaintiffs,*
    *Kevin Frazier and Dejesus Libran*
7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF ALAMEDA

11   KEVIN FRAZIER, an individual; DEJESUS      Case No.:   **RG11596041**
     LIBRAN, an individual; on behalf of
12   themselves and all other similarly situated   **CLASS ACTION**
     current and former employees,
13                                                **COMPLAINT FOR DAMAGES BASED
                                                  ON:**
14                      Plaintiffs,
                                                  1. **FAILURE TO PROVIDE MEAL
15                                                   PERIODS (OR
             vs.                                      COMPENSATION THEREFOR);**
16                                                2. **FAILURE TO PROVIDE REST
                                                     PERIODS (OR
17   WIRELESS LIFESTYLE, INC, a Kansas              COMPENSATION THEREFOR);**
     Corporation, and DOES 1 through 50,         3. **FAILURE TO PAY WAGES FOR
18   Inclusive,                                      ALL HOURS WORKED;**
                                                  4. **FAILURE TO PAY OVERTIME
19                                                   COMPENSATION;**
                       Defendants.                5. **FAILURE TO PROVIDE
20                                                   ACCURATE WAGE
                                                     STATEMENTS;**
21                                                6. **UNLAWFUL, DECEPTIVE,
                                                     AND/OR UNFAIR BUSINESS
22                                                   PRACTICES (*B & P* §17200 et
                                                     seq.);**
23

24                                               **DEMAND FOR JURY TRIAL**
25
26
27
28

                                    1

**CLASS ACTION COMPLAINT**

ENDORSED
FILED
ALAMEDA COUNTY

SEP 20 2011

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

BY FAX

Pollard ▪ Bailey

1      Plaintiffs KEVIN FRAZIER and DEJESUS LIBRAN (hereinafter "Plaintiffs"),

2 individually, and on behalf of all other similarly situated current and former California

3 employees of Defendant, WIRELESS LIFESTYLE, INC., (hereinafter "Defendant"), hereby

4 allege as follows:

## INTRODUCTION

6     1.     Plaintiffs brings this Class Action on behalf of themselves and all other persons

7 who are or have been employed at a Wireless Lifestyle retail location owned and/or operated

8 by Defendant in a non-exempt position to recover, among other things, unpaid compensation

9 for meal periods not taken, unpaid compensation for rest periods not taken, unpaid regular and

10 overtime compensation for all time worked, damages for inaccurate wage statements, interest,

11 waiting time penalties, attorneys' fees, costs and expenses, and remedies for violation of the

12 California Business and Professions Code, including equitable, restitutionary and injunctive

13 relief. Plaintiffs reserve the right to amend this Complaint to name additional class

14 representatives.

## JURISDICTION AND VENUE

16     2.     The California Superior Court has jurisdiction over this action pursuant to

17 California Constitution Article VI, Section 10, which grants the Superior Court "original

18 jurisdiction in all causes except those given by statute to other trial courts." The Statutes under

19 which this action is brought do not specify any other basis for jurisdiction.

20     3.     The California Superior Court has jurisdiction over Defendant because it is a

21 corporation and/or entity and/or person that has sufficient minimum contacts in California, it is

22 a citizen of California, and/or it otherwise intentionally avails itself of the California market so

23 as to render the exercise of jurisdiction over it by the California courts consistent with

24 traditional notions of fair play and substantial justice.

25     4.     Venue is proper in the County of Alameda because Defendant exists, transacts

26 business, and/or has offices in this Judicial District; and/or Venue is also proper in this Court

27 pursuant to California Code of Civil Procedure §395 because certain acts and omissions

28 complained of arose in this County.

**CLASS ACTION COMPLAINT**

Pollard ▪ Bailey

Exhibit _A_

Page _21_

## **PARTIES**

5.    Plaintiff KEVIN FRAZIER was at all relevant times a non-exempt employee, employed by Defendant at a Wireless Lifestyle retail store owned and/or operated by Defendant in Hayward, California.  Plaintiff is and at all relevant times has been an "employee" as that term is used in the California Labor Code and the IWC Wage Orders regulating wages, hours and working conditions.

6.    Plaintiff DEJESUS LIBRAN was at all relevant times a non-exempt employee, employed by Defendant at a Wireless Lifestyle retail store owned and/or operated by Defendant in California.  Plaintiff is and at all relevant times has been an "employee" as that term is used in the California Labor Code and the IWC Wage Orders regulating wages, hours and working conditions.

7.    Defendant WIRELESS LIFESTYLE, INC. (hereinafter "Defendant"), is a Kansas corporation doing business in the State of California, under the laws of California.  Plaintiffs are informed and believes that Defendant maintains its business offices in Lenexa, Kansas, and owns and/or operates multiple Wireless Lifestyle locations throughout the State of California, including locations within Alameda County.  Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201.  Defendant is also an "employer" as that term is used in the California Labor Code and the California Industrial Welfare Commission's Orders regulating wages, hours and working conditions.

8.    The true names and capacities, whether corporate, associate, individual or otherwise of Defendant, DOES 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sues said Defendant by such fictitious names pursuant to California Code of Civil Procedure § 474. Each of the defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiffs, as herein alleged. Plaintiffs will ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

9.    Plaintiffs are informed and believe and thereupon allege that each of the

3

**CLASS ACTION COMPLAINT**

Pollard • Bailey

1    defendants acted in concert with each and every other defendant, intended to and did

2    participate in the events, acts, practices and courses of conduct alleged herein, and was a

3    proximate cause of damage and injury thereby to Plaintiffs as alleged herein.

4         10.    At all times herein mentioned, each defendant was the agent or employee of

5    each of the other defendants and was acting within the course and scope of such agency or

6    employment.

7                  **FACTS COMMON TO ALL CAUSES OF ACTION**

8         11.    Plaintiffs and members of the proposed class are current and former non-exempt

9    employees of Defendant and have thus performed work for Defendant, and/or on Defendant's

10   behalf, at Wireless Lifestyle retail stores owned by Defendant in the State of California.

11   Plaintiffs and class members were improperly denied earned wages under various unlawful

12   payroll practices and policies described herein.

13        12.    At all relevant times Plaintiffs and members of the proposed class failed to

14   receive meal and rest breaks, but were not paid compensation therefor as required by law.

15   Plaintiffs are informed and believe and thereon allege that Defendant engaged in policies and

16   practices of failing to provide meal and/or rest periods, including but not limited to scheduling

17   practices which precluded Plaintiffs and putative class members from accessing legally

18   compliant meal and/or rest periods. Moreover, at all relevant times Defendant engaged in a

19   policy and/or practice of failing to provide employees with premium compensation required by

20   California Labor Code § 226.7 and Wage Order Seven (8 CCR § 11070).

21        13.    At all relevant times Plaintiffs and members of the proposed class were not paid

22   for all hours worked as required by law, including but not limited to time spent performing

23   tasks after close of the store, time which class members remained subject to the control of

24   Defendant while purportedly on a break and/or time spent working through meal periods

25   improperly recorded by Defendant as having been taken. Plaintiffs further allege that Plaintiffs

26   and members of the proposed class were not provided overtime compensation for such work as

27   required by law. Plaintiffs are informed and believe and thereon allege that Defendant

28   engaged in policies and practices of failing to pay the requisite compensation for all hours

4

**CLASS ACTION COMPLAINT**

Pollard ▪ Bailey

E:.hibit H
Page 23

1 | worked as to all persons employed in a non-exempt job position.

2 |        14.    At all relevant times Plaintiffs and members of the proposed class failed to

3 | receive accurate wage statements as required by law.  Plaintiffs are in informed and believe,

4 | and herein allege that Defendant engaged in a policy and practice of failing to provide

5 | employees with accurate wage statements that included all hours that employees actually

6 | worked during the pay period.  Additionally, the gross pay reflected on the statements is

7 | inaccurate as it fails to include the actual hours worked and also does not include any

8 | additional pay for meal and/or rest periods that were not given to the employee.

9 |        15.    In perpetrating the acts and omissions alleged herein, Defendant acted pursuant

10 | to and in furtherance of a policy and practice of not providing Plaintiffs, and other class

11 | members proper compensation for its failure to provide lawful meal and rest periods, regular

12 | and overtime compensation for all hours worked, and accurate wage statements as required by

13 | California law. All such acts are in violation of applicable California Industrial Welfare

14 | Commission Wage Orders, the California Labor Code, and thereon, constitute violations of

15 | Section 17200, et seq., of the California Business and Professions Code.

16 |        16.    Plaintiffs are informed and believe and based thereon allege that each and every

17 | one of the acts and omissions alleged herein was performed by, and/or attributable to

18 | Defendant and/or DOES 1-50 acting as agents and/or employees, and/or under the direction

19 | and control of Defendant, and that said acts and failures to act were within the course and

20 | scope of said agency, employment and/or direction and control, and were committed willfully,

21 | maliciously, oppressively, and fraudulently.

22 |        17.    As a direct and proximate result of the unlawful actions of Defendant, Plaintiffs

23 | and members of the class have suffered, and continue to suffer from loss of earnings in

24 | amounts as yet to be ascertained, but subject to proof at trial in amounts in excess of the

25 | minimum jurisdiction of this Court.

26 |

27 |

28 |

**CLASS ACTION COMPLAINT**

Pollard ▪ Bailey

Exhibit ____
Page ____

**CLASS ACTION ALLEGATIONS**

18.     Plaintiffs bring this action on behalf of themselves and others similarly situated under California Code of Civil Procedure § 382.

19.     Description of the Class: Plaintiffs brings this action on behalf of the following proposed class: "All persons employed in a non-exempt position at a Wireless Lifestyle retail store owned and/or operated by Defendant in the State of California during the relevant statutory period." As alleged herein, the relevant statutory period is four (4) years preceding the filing of this Complaint pursuant to California Business & Professions Code. § 17208.

20.     Plaintiffs allege there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable. Plaintiffs reserve the right to modify the Class description and the Class period based on the results of discovery.

21.     Numerosity: The potential members of the Class as defined are so numerous that joinder of all affected employees individually would be impractical. While the exact number of Class members is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery. Members of the Class may be identified from records maintained by Defendant and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in class actions.

22.     Commonality: This action involves common questions of law and fact, as the action focuses on Defendant's systematic course of illegal practices and policies throughout the State of California, which have been applied to all similarly situated employees, in violation of the California Industrial Welfare Commission Wage Orders, the California Labor Code, and the California Business and Professions Code (which prohibits unfair and unlawful business practices arising from such violations). The questions of law and fact common to the Class include, but are not limited to:

a) Whether the Defendant employed policies and practices which deprived Class Members access to meal periods (or compensation therefor);

b) Whether the Defendant employed policies and practices which deprived Class Members access to rest periods (or compensation therefor);

6

**CLASS ACTION COMPLAINT**

Pollard ▪ Bailey

Exhibit A
Page 25

1        c) Whether Defendant employed policies and practices which deprived Class

2             members of compensation for all hours worked as required by statute and

3             applicable regulations;

4        d) Whether Defendant employed policies and practices which deprived Class

5             members of overtime compensation as required by statute and applicable

6             regulations;

7        e) Whether the Defendant provided inaccurate wage statements to Class

8             members;

9        f) Whether the practices and policies employed by the Defendant constituted a

10            violation of California Business & Professions Code section 17200 et seq.

11            as an unlawful and/or unfair business practice, and

12        g) What is the nature and amount of restitution and/or damages for members of

13            Plaintiffs' class.

14      23. Typicality: The claims of the named Plaintiffs are typical of the class because

15 Defendant subjected all similarly situated employees to similar and/or identical violations of

16 the California Industrial Welfare Commission Wage Orders, the California Labor Code, and

17 the California Business and Professions Code (which prohibits unfair and unlawful business

18 practices arising from such violations).

19      24. Adequacy of Representation: Plaintiffs will fairly and adequately protect the

20 interests of the Class and have retained counsel competent and experienced in class action

21 litigation, including class actions in the State of California. Plaintiffs have no interests

22 antagonistic to, or in conflict with, the Class that Plaintiffs seek to represent.

23      25. Superiority of Class Action: A class action is superior to other available

24 methods for the fair and efficient adjudication of the claims asserted herein, because joinder of

25 all members is impracticable. Furthermore, because the damages suffered by individual

26 members of the Class may be relatively small, the expense and burden of individual litigation

27 make it virtually impossible for Class members to redress the wrongs done to them. The

28 likelihood of individual Class members prosecuting separate claims is remote and class action

**CLASS ACTION COMPLAINT**

Pollard ▪ Bailey

Exhibit __14__

Page __26__

1  treatment will allow those similarly situated persons to litigate their claims in the manner that
2  is most efficient and economical for the parties and judicial system.

3

4  ### FIRST CAUSE OF ACTION

5  ### FAILURE TO PROVIDE MEAL BREAKS (OR COMPENSATION THEREFOR)

6      26.    The allegations set forth in paragraphs 1 through 25 are incorporated herein by
7  reference.

8      27.    Pursuant to IWC Wage Order Seven (8 CCR § 11070), Defendant was required
9  to provide non-exempt employees a meal period not less than thirty (30) minutes in duration
10  prior to the fifth and the tenth hours of work or pay the employee one (1) hour of pay at the
11  employee's regular rate of compensation for each workday that a meal period was not
12  provided.

13      28.    As alleged herein, Plaintiffs and members of the proposed class routinely
14  worked in excess of five hours, and/or multiples thereof, but Defendant failed to provide
15  Plaintiffs and members of the proposed class with proper meal periods or otherwise
16  compensate them for missed meal periods, in violation of the aforementioned California labor
17  laws and regulations.

18      29.    As a result of the conduct alleged herein, Plaintiffs and members of the
19  proposed class were damaged by Defendant's failure to pay wages for breaks withheld in an
20  amount to be established at the time of trial. Moreover, Defendant's' failure to pay wages, as
21  alleged herein, was at all times willful, entitling putative class members no longer employed by
22  Defendant to waiting time penalties pursuant to Labor Code §203.

23      30.    Pursuant to IWC Wage Order Seven (8 CCR § 11070), as well as California
24  Labor Code §§200, 203, 226.7, 512, 1194, and 1198, Plaintiffs and class members are thus
25  entitled to recover the unpaid balance of meal period pay owed by Defendant, plus interest,
26  waiting time penalties, attorneys' fees, and costs of suit.

27      WHEREFORE, Plaintiffs pray for judgment against Defendant, as set forth herein
28  below.

8

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS (OR COMPENSATION THEREFOR);

31.   The allegations set forth in paragraphs 1 through 30 are incorporated herein by reference.

32.   Pursuant to IWC Wage Order Seven (8 CCR § 11070), Defendant was required to provide Plaintiffs and members of the proposed class a ten (10) minute rest period for every four (4) hours of work or pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided.

33.   As alleged herein, Plaintiffs and members of the proposed class routinely worked in excess of four hours, and/or multiples thereof, but Defendant failed to provide Plaintiffs and class members with proper rest periods or otherwise compensate them for missed rest periods in violation of the aforementioned California labor laws and regulations.

34.   As a result of the conduct alleged herein, Plaintiffs and members of the proposed class were damaged by Defendant's failure to pay wages for breaks withheld in an amount to be established at the time of trial.  Moreover, Defendant's failure to pay wages, as alleged herein, was at all times willful, entitling putative class members no longer employed by Defendant to waiting time penalties pursuant to Labor Code §203.

35.   Pursuant to IWC Wage Order Seven (8 CCR § 11070), as well as California Labor Code §§200, 203, 226.7, 512, 1194, and 1198, Plaintiffs and class members are thus entitled to recover the unpaid balance of rest period pay owed by Defendant, plus interest, waiting time penalties, attorneys' fees, and costs of suit.

WHEREFORE, Plaintiffs pray for judgment against Defendant, as set forth herein below.

## THIRD CAUSE OF ACTION

## FAILURE TO COMPENSATE FOR HOURS WORKED

36.   The allegations set forth in paragraphs 1 through 35 are incorporated herein by reference.

9

Pollard ▪ Bailey

Exhibit _A_
Page _28_

1    37.    Pursuant to IWC Wage Order Seven (8 CCR § 11070), Defendant was required

2  to compensate Plaintiffs and members of the proposed class for all hours worked.

3    38.    As alleged herein, Plaintiffs and members of the proposed class were not paid

4  for all hours worked as required by law, including but not limited to time spent working for the

5  benefit of Defendant while clocked out for meal periods.

6    39.    As a result of the conduct alleged herein, Plaintiffs and members of the

7  proposed class were damaged by Defendant's failure to pay wages for all hours worked in an

8  amount to be established at the time of trial.  Moreover, Defendant's failure to pay wages, as

9  alleged herein was at all times willful, entitling putative class members no longer employed by

10  Defendant to waiting time penalties pursuant to Labor Code §203.

11    40.    Pursuant to IWC Wage Order Seven (8 CCR § 11070), as well as California

12  Labor Code §§200, 203, 510, 1194, and 1198, Plaintiffs and class members are thus entitled to

13  recover the unpaid balance of the wages owed by Defendant, plus interest, waiting time

14  penalties, attorneys' fees, and costs of suit.

15    WHEREFORE, Plaintiffs pray for judgment against Defendant, as set forth herein

16  below.

17

18                 **FOURTH CAUSE OF ACTION**

19          **FAILURE TO PAY OVERTIME COMPENSATION**

20    41.    The allegations set forth in paragraphs 1 through 40 are incorporated herein by

21  reference.

22    42.    At all times relevant herein, pursuant to California Labor Code § 510(a) and

23  IWC Wage Order Seven (8 CCR § 11070), Defendant was required to compensate Plaintiffs

24  and class members for all overtime work performed, at the rate of one and one-half (1 ½) times

25  the employees' regular rate of pay for all hours worked in excess of eight (8) hours up to and

26  including 12 hours in any workday, and for the first eight (8) hours worked on the (7th)

27  consecutive day of work in a workweek.

28    43.    At all times relevant herein, pursuant to California Labor Code § 510(a) and

10

**CLASS ACTION COMPLAINT**

Exhibit 14
Page 29

1  IWC Wage Order Seven (8 CCR § 11070), Defendant was required to compensate Plaintiffs

2  and class members for all overtime work performed, at the rate of double (2) times the

3  employees' regular rate of pay for all hours worked in excess of twelve (12) hours in any

4  workday, and for all hours worked in excess of eight (8) hours on the (7th) consecutive day of

5  work in a workweek.

6      44.    As alleged herein, Plaintiffs and member of the proposed class regularly

7  performed work in excess of eight (8) hours per workday, but Defendant failed to compensate

8  Plaintiffs and class members for all overtime work performed in violation of California Labor

9  Code §510(a) and IWC Wage Order Seven (8 CCR § 11070).

10      45.    As a result of the conduct alleged herein, Plaintiffs and members of the

11  proposed class were damaged in an amount to be established at the time of trial.  Defendant's

12  failure to pay overtime wages, as alleged herein, was at all times willful, entitling putative

13  class members no longer employed by Defendant to waiting time penalties pursuant to Labor

14  Code §203.

15      46.    Pursuant to IWC Wage Order Seven (8 CCR § 11070), as well as California

16  Labor Code §§200, 203, 510, 1194, and 1198, Plaintiffs and class members are thus entitled to

17  recover the unpaid balance of the wages owed by Defendant, plus interest, waiting time

18  penalties, attorneys' fees, and costs of suit.

19      WHEREFORE, Plaintiffs pray for judgment against Defendant, as set forth herein

20  below.

21

22  ## FIFTH CAUSE OF ACTION

23  ## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;

24      47.    The allegations set forth in paragraphs 1 through 46 are incorporated herein by

25  reference.

26      48.    At all relevant times herein, pursuant to California Labor Code §§ 226 and IWC

27  Wage Order Seven (8 CCR § 11070), Defendant was required to maintain and provide

28  Plaintiffs and Class members an accurate itemized wage statement which reflected, among

11

**CLASS ACTION COMPLAINT**

Pollard ▪ Bailey

Exhibit _A_

Page _30_

1    other things, the gross wages earned, the total hours worked by the employee, all deductions,

2    the net wages earned, the name and address of the legal entity that is the employer, and all

3    applicable hourly rates in effect during the pay period and the corresponding number of hours

4    worked at each hourly rate by the employee.

5        49.    As alleged herein, throughout the Class Period, Defendant intentionally failed to

6    furnish to Plaintiffs and the Class members, upon each payment of wages, itemized statements

7    accurately showing, among other things, the gross wages earned, the total hours worked, the

8    net wages earned, and the total hours worked.

9        50.    As a result of the conduct alleged herein, Plaintiffs and members of the

10   proposed class were damaged by these failures because, among other things, the failures have

11   and will continue to hinder them from determining the amounts of wages owed to them.

12       51.    Defendant's failure to provide accurate wage statements, as alleged herein, was

13   at all times knowing and willful.

14       52.    Pursuant to IWC Wage Order Seven (8 CCR § 11070), as well as California

15   Labor Code §226, Plaintiffs and Class members are legally entitled to recover the amounts

16   provided in Labor Code §226(e) for each violation of the California Labor Code §226(a), as

17   well as attorneys' fees and costs.

18       WHEREFORE, Plaintiffs pray for judgment against Defendant, as set forth herein

19   below.

20

21                        **SIXTH CAUSE OF ACTION**

22          **UNLAWFUL, DECEPTIVE, AND/OR UNFAIR BUSINESS PRACTICES**

23                         **(B & P §17200 et seq.);**

24       53.    The allegations set forth in paragraphs 1 through 52 are incorporated herein by

25   reference.

26       54.    California Business & Professions Code §17200 provides that "unfair

27   competition shall mean and include any unlawful, unfair or fraudulent business act or

28   practice."

---

12

**CLASS ACTION COMPLAINT**

Pollard ▪ Bailey

1    55.   As alleged herein, each of the Defendant's acts in failing to provide legally

2    mandated meal periods (or the legally mandated premium wage compensation for its failure to

3    provide meal periods), failing to provide legally mandated rest periods (or the legally

4    mandated premium wage compensation for its failure to provide rest periods), failing to

5    provide regular and overtime compensation for all hours worked, and failing to provide

6    accurate wage statements constitutes unlawful, deceptive, and/or unfair competition in

7    violation of *Section 17200* of the Business and Professions Code.

8    56.   By violating the statutes, regulations and orders governing wage and hour issues

9    in California, and by failing to take appropriate measures to address these violations,

10   Defendant's acts constitute *per se* acts of unlawful and/or unfair business practices under

11   California Business and Professions Code §17200, et seq.

12   57.   As a direct, foreseeable, and proximate result of Defendant's acts and omissions

13   alleged herein, and within the relevant statutory period, Plaintiffs and members of Plaintiffs'

14   class have been deprived of substantial wages to which they are entitled by law, all redounding

15   to the unjust enrichment of Defendant. Accordingly, Plaintiffs and class members are entitled

16   to restitution of such wages as is specifically authorized by Bus. & Prof. Code §17203.

17   58.   Moreover, continuing commission by Defendant, of the acts alleged above will

18   irreparably harm Plaintiffs and other employees of Defendant for which harm they have no

19   plain, speedy or adequate remedy at law. Accordingly, Defendant must be enjoined from

20   further engaging in these practices as more fully set forth below.

21   WHEREFORE, Plaintiffs prays for judgment against Defendant, as set forth herein

22   below.

23

24                                **PRAYER FOR RELIEF**

25   1)   For general damages in an amount within the jurisdictional limits of this

26        court according to proof;

27   2)   For loss of earnings, according to proof;

28   3)   For restitution of all monies due to Plaintiffs and members of the class;

**CLASS ACTION COMPLAINT**

Pollard ▪ Bailey

Exhibit *H*

Page *22*

4)    For interest pursuant to Labor Code § 1194;

5)    For penalties pursuant to Labor Code §§ 203, 226 and applicable Industrial Welfare Commission Wage Orders;

6)    For costs of suit including and expenses incurred herein pursuant to Labor Code § 1194;

7)    For reasonable attorneys' fees pursuant to Labor Code § 1194, and Code of Civil Procedure §§1021.5 and 1032-1033.5;

8)    For such other and further relief as the Court may deem just and proper.

Dated: September 20, 2011                    **POLLARD | BAILEY**

By: _____
MATT C. BAILEY, Esq.
DYLAN F. POLLARD, Esq.
ROXANNA TABATABAEEPOUR, Esq.
*Attorneys for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all other California employees similarly situated, hereby requests that this action be tried before a jury.

Dated: September 20, 2011                    **POLLARD | BAILEY**

By: _____
MATT C. BAILEY, Esq.
DYLAN F. POLLARD, Esq.
ROXANNA TABATABAEEPOUR, Esq.
*Attorneys for Plaintiffs*

14

**CLASS ACTION COMPLAINT**

Pollard ■ Bailey

Exhibit A
Page 33

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Dylan F. Pollard, Esq., Matt C. Bailey, Esq./POLLARD|BAILEY
9701 Wilshire Blvd. 10th Fl.
Beverly Hills, CA 90212
TELEPHONE NO.: (310) 854-7650   FAX NO.: (310) 492-9934
ATTORNEY FOR (Name): Plaintifff KEVIN FRAZIER et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY

SEP 20 2011

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

CASE NAME:
Frazier/Libran v. Wireless Lifestyle, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | | RG11596041 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): 6
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9.19.11

Dylan Pollard, Esq.
(TYPE OR PRINT NAME)                          ► _____
                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

BY FAX

Exhibit A
Page 34



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

ADR Info Sheet.Rev. 12/15/10

Exhibit _A_
Page _35_

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o  **Private Mediation:**  This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o  **Judicial Arbitration Program** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o  **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

Exhibit _A_
Page _36_

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:                          Time:                      Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation      ☐ Judicial arbitration

   ☐ Private mediation    ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Exhibit A
Page 37

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶  _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____     ▶  _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]
**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**
Cal. Rules of Court,
rule 3.221(a)(4)

Exhibit _A_
Page _38_

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
09/22/2011
CT Log Number 519197099

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

TO:  Igor Kushnir
     Pasha Distribution Corporation
     7864 Barton St
     Lenexa, KS 66214

RE:  **Process Served in California**

FOR: Wireless Lifestyle, Inc. (Domestic State: KS)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kevin Frazier, etc., et al., Pltf. vs. Wireless Lifestyle, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand, Cover Sheet, Stipulation Form |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG11596041 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to provide meal periods, provide rest periods, and accurate wage statements - Unpaid wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/22/2011 at 16:38 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Matt C. Bailey<br>Pollard Bailey<br>9701 Wilshire Blvd.<br>10th Floor<br>Beverly Hills, CA 90212<br>310 854 7650 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 795221565574 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit _B_
Page _39_

# EXHIBIT C

1  ANDREA M. KIMBALL (State Bar No. 196485)
   SNR DENTON US LLP
2  4520 Main Street, Suite 1100
   Kansas City, Missouri 64111-7700
3  Telephone:  (816) 460-2400
   Facsimile:  (816) 531-7545
4  Email:      andrea.kimball@snrdenton.com

5  MARIE LEGGON WRIGHTEN (State Bar No. 167221)
   VIRGINIA K. YOUNG (State Bar No. 174384)
6  SNR DENTON US LLP
   601 South Figueroa Street, Suite 2500
7  Los Angeles, California 90017-5704
   Telephone:  (213) 623-9300
8  Facsimile:  (213) 623-9924
   Email:      marie.wrighten@snrdenton.com
9              virginia.young@snrdenton.com

10 Attorneys for Defendant
   WIRELESS LIFESTYLE,
11 INC.

12

13             IN THE UNITED STATES DISTRICT COURT

14         FOR THE NORTHERN DISTRICT OF CALIFORNIA

15             SAN FRANCISCO/OAKLAND DIVISION

16

17 KEVIN FRAZIER, an individual;              No.
   DEJESUS LIBRAN, an individual; on
18 behalf of themselves and all other similarly   DECLARATION OF KIMBERLY
   situated current and former employees,     RAWLINGS IN SUPPORT OF
19                                             DEFENDANT WIRELESS LIFESTYLE,
                   Plaintiff,                  INC.'S NOTICE OF REMOVAL
20
            vs.
21
   WIRELESS LIFESTYLE, INC., a Kansas
22 Corporation, and DOES 1 through 50,
   Inclusive,
23
                   Defendant.
24

25

26

27                                             Exhibit _C_
28                                             Page _40_

                          -1-

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    I, Kimberly Rawlings, declare as follows:

2         1.    I am employed by Wireless Lifestyle, Inc. ("Wireless Lifestyle"). As Human

3    Resources Director for Wireless Lifestyle, I have personal knowledge of the facts set forth

4    below, and if called as a witness, could and would completely testify thereto.

5         2.    Following service of the complaint in the action *Kevin Frazier, an individual; De*

6    *Jesus Libran, an individual; on behalf of themselves and all other similarly situated current and*

7    *former employees, v. Wireless Lifestyle, Inc., a Kansas Corporation, and Does 1 through 50,*

8    *Inclusive*, Case No. RG11596041 (the "State Court Action"), Wireless Lifestyle compiled

9    information from its personnel records regarding the number of employees who worked for

10   Wireless Lifestyle in California from September 20, 2007 to the present. The electronic data

11   that was used to compile this information is entered and stored on Wireless Lifestyle's computer

12   systems in the ordinary course and scope of Wireless Lifestyle's business. Wireless Lifestyle

13   completed compiling this information on or around October 4, 2011.

14        3.    Based on Wireless Lifestyle's electronic personnel records, Wireless Lifestyle has

15   employed over four hundred (400) people in California since September 20, 2007.

16        4.    Based on Wireless Lifestyle's electronic personnel records, Plaintiff Kevin Frazier

17   was employed with Wireless Lifestyle in California from March 17, 2011 to September 30,

18   2011. Plaintiff Frazier earned $9.00 per hour in regular wages. In addition, Wireless Lifestyle's

19   electronic personnel records reflect that Plaintiff Frazier had an Oakland, California address as

20   of September 30, 2011.

21        5.    Based on Wireless Lifestyle's electronic personnel records, Plaintiff Libran was

22   employed with Wireless Lifestyle in California from March 18, 2011 to September 12, 2011.

23   Plaintiff Libran earned $9.00 per hour in regular wages. In addition, Wireless Lifestyle's

24   electronic personnel records reflect that Plaintiff Libran had a Hayward, California address as of

25   September 30, 2011.

26

27

28

Exhibit *C*
Page *41*

-2-

RAWLINGS DECL. IN
SUPPORT OF REMOVAL

1    I declare under penalty of perjury and the laws of the United States and the states of

2    Kansas and California that the foregoing is true and correct.  Executed on October 21, 2011, at

3    Lenexa, Kansas.

4

5

6                                                    Kimberly Rawlings

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

-3-

Exhibit C
Page 42

RAWLINGS DECL. IN
SUPPORT OF REMOVAL